# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-499V
Filed: May 8, 2025

---

ROBERT O'CONNELL,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

Special Master Horner

---

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Camille Jordan Webster,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 11, 2021, Robert O'Connell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of his December 28, 2019 influenza ("flu") vaccination. Petition at 1. On May 7, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 52-53.)

On November 4, 2024, petitioner filed a motion for attorneys' fees and costs. (ECF No. 58.) ("Fees App."). Petitioner requests attorneys' fees in the amount of $32,154.77 and attorneys' costs in the amount of $1,652.58. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

pursuit of this litigation. (ECF No. 59). Thus, the total amount requested is $33,807.35. On November 21, 2024, respondent filed a response to petitioner's motion. (ECF No. 60.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for his attorneys at Conway Homer: for Mr. Ronald Homer, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024; for Ms. Christina Ciampolillo, $380.00 per hour for work performed in 2021, $425.00 per hour for work performed in 2022, and $470.00 per hour for work performed in 2023; for Mr. Joseph Pepper, $415.00 per hour for work performed on 2022, $285.00 per hour for work performed on 2019, $330.00 per hour for work performed on 2020 and 2021, $385.00 per hour for work performed on 2022, and $485.00 per hour for work performed in 2024; for Ms. Meredith Daniels, $485.00 per hour for work performed in 2024; for Mr. Nathaniel Enos, $280.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, and $360.00 per hour for work performed in 2024; and for Mr. Patrick Kelly, $305.00 per hour for work performed in 2023, and $345.00 per hour for work performed in 2024. For paralegals, petitioner requests the following rates: $155.00 per hour for work performed in 2021, $170.00 per hour for work performed in 2022, $185.00 per hour for work performed in 2023, AND $195.00 per hour for work performed in 2024.

These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. *See Vanore v. Sec'y of Health & Human Servs., No. 21-870V, 2025 WL 407022 (Fed. Cl. Spec. Mstr. Jan. 3, 2025).*

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review of the billing records submitted by petitioner, I find the majority of the hours billed to be reasonable. However, a small amount must be reduced for duplicative billing due to attorneys, paralegals, and law clerks billing for attending the same case

meetings and a duplicate review of attorney work.[3] This firm has seen fee reductions in prior cases for similar duplicative entries. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2024 WL 4043705 (Fed. Cl. Spec. Mstr. June 28, 2024); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *McGuinness v. Sec'y of Health & Human Servs.*, No. 17-954V, 2020 WL 4814260 (Fed. Cl. Spec. Mstr. July 24, 2020). These billing entries result in a reduction of **$906.00**. Accordingly, petitioner is entitled to final attorneys' fees in the amount of $13,652.00 for the work performed by Conway Homer. Accordingly, petitioner is entitled to final attorneys' fees in the amount of $31,248.77.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,652.58 in attorneys' costs, including the acquisition of medical records, the Court's filing fee, postage, and copies. Fees App. Ex. A at 24-25. The costs requested by Conway Homer in this matter appear reasonable. Accordingly, petitioner is awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $32,901.35, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] There were several instances where Conway Homer staff billed for attending case meetings, including on October 16, 2021, February 23, 2021, April 13, 2021, May 24, 2021, August 24, 2021, September 9, 2021, October 20, 2021, November 23, 2021, December 9, 2021, February 7, 2022, February 17, 2022, March 23, 2022, May 5, 2022, May 18, 2022, August 3, 2022, May 2, 2023, May 30, 2023, July 12, 2023, August 24, 2023, and April 29, 2024. Fees App. Tab A at 2, 6, 9, 11, 16-20, 23, 25, 30-35, 40-42, 47. There were also multiple instances of duplicative review of attorney work, including on January 11, 2021, May 13, 2021, July 12, 2021, January 22, 2024, May 1, 2024, and May 15, 2024. Fees App. Tab A at 3, 9, 10, 46, 48-49.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).